# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D. CARINCI, | ) |
| Plaintiff, | ) |
| v. | ) C.A. 15-1294 |
| 7-ELEVEN, INC. | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

ROBERT C. MITCHELL, United States Magistrate Judge:

Presently pending before the Court is a Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) for Failure to Serve Process within 120 days filed on behalf of Defendant 7-Eleven, Inc. ("7-Eleven") [ECF No. 5]. For the reasons that follow, the motion will be denied.

## I. Factual and Procedural Background

This employment discrimination action was filed on October 2, 2015 upon the filing of the Complaint. [ECF No. 1]. On January 31, 2016, a praecipe to issue summons was requested, and on February 2, 2016 the summons was issued and return of service was returned as executed. [ECF No. 4]. Service was made on 7-Eleven at Store No. 36148H on February 1, 2016. Defendant argues that the complaint should be dismissed because Plaintiff failed to serve 7-Eleven with process within 120 days of filing the Complaint, January 30, 2016, and has no good cause explanation for his failure to do so.

The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c)]. [ECF Nos. 12, 13].

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(5) enables a court to dismiss a case for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made." *Reed v. Weeks Marine, Inc.*, 166 F.Supp.2d 1052, 1054 (E.D. Pa. 2001) (citing *Grand Entertainment Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488–89 (3d Cir.1993)).

Federal Rule of Civil Procedure 4(m), [1] states in relevant part:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

## III. Discussion

Generally, in determining whether to extend the time for service of process under Rule 4(m), the district court must first determine whether good cause exists for an extension of time. *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir. 1995). If the court finds that good cause exists, then the court must extend time for service. *Id.* However, if the court determines that good cause does not exist, then the court may either dismiss the case without prejudice, or exercise its discretion to extend the time for service. *Id.*; *see also Gonzalez v. Thomas Built Buses, Inc.,* 268 F.R.D. 521, 528 (M.D. Pa. 2010) ("[A] district court has wide discretion in deciding whether to extend time for service under Rule 4(m)"). The court of appeals

---

[1] Effective until December 1, 2015. The Rule was amended on December 1, 2015, to reduce the period to ninety days for service of the summons and complaint upon the defendant. In transmitting the proposed rules amendments to Congress on April 29, 2015, Chief Justice John G. Roberts included an order providing in part that "the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." 2015 US Order 0017. We construe this language as permitting plaintiff to rely upon the former 120 day limit, and the parties do not appear to contest this.

applies an abuse of discretion standard in reviewing the district court's decision. *Id.* at 528 (*citing Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir.1997)).

As to the first prong, whether good cause exists, "the court's primary focus is on the plaintiffs reasons for not complying with the time limit in the first place." *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995). A plaintiff must demonstrate good faith and "'some reasonable basis for noncompliance within the time specified in the rules.'" *Id.* (quoting *Petrucelli*, 46 F.3d at 1312). In order to show good cause, a plaintiff must demonstrate that she exercised diligence in trying to effect service. *See Himmelreich v. U.S.,* 285 Fed. App'x. 5, 7 (3d Cir.2008) (citing *Bachenski v. Malnati*, 11 F.3d 1371, 1376–77 (7th Cir.1993)). Some factors a court may examine in determining whether good cause exists include (1) the reasonableness of the plaintiff's efforts to serve, (2) prejudice to a defendant from untimely service, and (3) whether the plaintiff moved for an enlargement of the time to serve. *See MCI Telecommunications,* 71 F.3d at 1097 (citing *United States v. Nuttall*, 122 F.R.D. 163, 166–67 (D.Del.1988)).

As to the second prong, the discretionary inquiry, the court "may consider and balance several factors including (1) actual notice of the action, (2) prejudice to the defendant, (3) statute of limitations, (4) conduct of the defendant, (5) whether the plaintiff is represented by counsel, and 6) any other relevant factor." *Jumpp v. Jerkins*, 2010 WL 715678, at *6 (D. N.J. March 1, 2010) (citing *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x. 113, 116 (3d Cir. 2009)). A plaintiff "bears the burden of demonstrating to the court why it should exercise its discretion." *Jumpp*, 2010 WL 715678, at *6 (citing *McCurdy v. American Bd. of Plastic Surgery,* 157 F.3d 191, 196 (3d Cir. 1998)). In deciding whether to extend time for service under Rule 4(m), the district court has "wide discretion." *Gonzalez v. Thomas Built Buses*, 268 F.R.D. 521, 528 (M.D.

Pa. 2010). In addition, the Court of Appeals for the Third Circuit has expressed its preference that cases be decided on the merits, rather than by procedural technicalities. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984).

As to the first inquiry, the Court concludes that Plaintiff's counsel in this case has not demonstrated a "good cause" basis for his failure to make timely service on Defendant. Because the complaint was filed on October 2, 2015, the 120 days provided by Rule 4(m) expired on January 30, 2016. Over the course of that time, counsel did very little in terms of effectuating service. Plaintiff's counsel has fallen short of demonstrating "good cause" for which the time for service should be extended. He notes that the 120th day to serve the Complaint was Sunday, January 31, 2015, and that he served a Summons the next business day, Monday, February 1, 2016. "Because of the weekend and no subsequent action on the docket, Plaintiff believed that service was proper the next business day, without seeking leave to extend time one (1) day." [ECF No. 8 at 2]. As the Third Circuit has explained, neither "inadvertence of counsel," "half-hearted efforts by counsel," or "reliance upon a third party or on a process server," constitutes "good cause" to excuse the failure to serve within 120 days. *Petrucelli,* 46 F.3d at 1307 (internal quotation marks omitted); *Braxton v. United States,* 817 F.2d 238, 241 (3d Cir.1987). Further, a plaintiff's "disregard for ... the 'technical niceties' of service of process" does not constitute good cause. *Ayres v. Jacobs & Crumplar,P.A.,* 99 F.3d 565, 568 (3d Cir.1996); *see also Momah v. Albert Einstein Medical Center,* 158 F.R.D. 66, 69 (E.D. Pa.1994) (failure to timely serve a complaint will not be excused when the omission was due to the attorney's lack of diligence in effectuating the requirements of the rule). Plaintiff did not seek an extension of time because the Complaint was successfully served the next business day after the 120 day period.

As to the second inquiry, the Court finds the factors outlined by the Third Circuit in *Chiang* weigh in favor of a discretionary extension of time to serve process in this case. The first factor is whether or not defendant received actual notice of action. This weighs in favor of plaintiff. According to plaintiff's counsel, the Complaint and Waiver of Service forms were sent to Defendant's corporate address on or about October 20, 2015. [ECF No. 8 at 1]. Plaintiff's counsel also avers he placed at least one call to the Defendant's corporate phone number. [ECF No. 8 at 1]. Yet defense counsel did not enter his appearance until the filing of the motion to dismiss, February 22, 2016. As to the second factor, prejudice to the defendant, defendant has not alleged any prejudice arising from late service in the matter. As the failure to serve 7-Eleven has delayed this litigation by a one day, its ability to defend this action does not appear to have been seriously impaired. The second factor therefore weights in favor of an extension. The third factor, statute of limitations, has not been addressed in the parties' briefs, and we assume under the circumstances that it is not at issue.

This court is also mindful of the Third Circuit's preference that cases be decided on the merits, and giving due consideration to the above factors, finds that a discretionary extension of time to perfect service of process is warranted in this case. Accordingly, the Court will deny defendant's motion to dismiss to the extent that it seeks dismissal of the complaint.

**IV. Conclusion**

For the reasons stated herein, the motion to dismiss will be denied. An appropriate order will be entered.

# **ORDER**

AND NOW, to-wit, this 5th day of April, 2016, it is hereby ORDERED, ADJUDGED and DECREED THAT Defendant's Motion to Dismiss [DOC. 5] be and the same hereby is DENIED.

IT IS FURTHER ORDERED THAT the Defendant shall file an answer on or before April 19, 2016.


Dated: April 5th, 2016                    /s/  Robert C. Mitchell
                                          Robert C. Mitchell
                                          United States Magistrate Judge



cc:  record counsel via CM-ECF